WILLIS ANGELL

v.

THE COUNTY OF UNION.

WITNESS FEES—HABEAS CORPUS—WITNESS ATTENDING FROM FOREIGN COUNTY.—The hearing upon a writ of *habeas corpus* is a criminal case, involving a violation of the criminal code, and a witness who has been summoned from a foreign county to attend such hearing is entitled to recover from the public treasury his fees therefor according to the provisions of section 48 of the act relating to fees and salaries.

APPEAL from the Circuit Court of Union county; the Hon. O. A. HARKER, Judge, presiding. Opinion filed April 7, 1881.

Mr. HUGH ANDREWS and Mr. MATTHEW J. INSCORE, for appellant.

Mr. W. S. DAY, for appellee.

CASEY, J. This case is submitted upon the following agreed statement of facts:

The above entitled cause is submitted to the court for decis-ion upon the following agreed state of facts:

" On or about the — day of February, A. D. 1880, Ewing A. Sessions, and others, were under arrest on a charge of murder, which was alleged to have been committed in Union county; that the defendants sued out a writ of *habeas corpus* before the honorable Oliver A. Harker, one of the judges of the first judicial circuit of the State of Illinois; that a trial was had upon said writ, before the said judge, at Vienna, Johnson county, Illinois, in chambers, on or about the thirteenth day of February, A. D. 1880. That upon said trial, Willis An-gell, who is and was at that time a resident of Union county, was subpœnaed as a witness on the part of the people, and at-tended on said trial one day; that he traveled two days in go-ing from Union county to and returning from Vienna; that his charges of one dollar per day as witness fees, and fifty cents per day in going to and returning from Vienna, are in accord-

ance with the provisions of the statute in relation to witnesses attending in foreign county to testify in the trial of criminal cases, and that his charge of five dollars and seventy cents, expended for railroad fare is reasonable.  That the said Willis Angell presented his claims for said several amounts, amounting in the aggregate to $7 70-100, to the board of county commissioners of Union county, for allowance and payment on the fifth day of March, A. D. 1880, when there was a full board present, that being one of the days of the regular March term of said board for that year; that said. claim was sworn to and properly certified to by the judge before whom said Angell attended as a witness, and also properly certified by the circuit clerk of Johnson county; that said claim was disallowed by said county board, and an appeal legally taken by the said Angell to the Circuit Court of Union county, and that upon the trial of said cause in said court, at the September term thereof, A. D. 1880, by the court without a jury (a jury having been waived by consent of the parties), judgment was rendered by said court against said Willis Angell, appellant, for costs of said suit.

" HUGH ANDREWS and
" MATTHEW J. INSCORE,
*Attorneys for Appellant.*
" W. S. DAY,
*Attorney for Appellee.*

"And it is further stipulated and agreed by and between the parties to this record that the following question of law, is submitted to the court for◦ consideration and decision, as the only question in issue in this case, viz:

" Is a witness who is supœnaed in accordance with the provisions of section eight, chapter sixty-five, Revised Statute of Illinois, entitled Habeas Corpus" (Hurd's Statute, 1877, page 544,) to attend as a witness on the hearing upon *habeas corpus* in a criminal case in a foreign county, entitled to witness fees, traveling expenses and *per diem*, in going to and returning from his place of residence, to and from such foreign county or place of hearing upon such writ in such foreign county, to be paid out of the county treasury of the county

where the crime is alleged to have been committed—as in the trial of other criminal cases under the provisions of section forty-seven, chapter fifty-three, Revised Statute of Illinois, (Hurd's Statute, 1877, page 502).

> " HUGH ANDREWS and ·
> " MATTHEW J. INSCORE,
> *Attorneys for appellant.*
> " W. S. DAY,
> *Attorney for appellee.*"

Section 8, of chapter 65 entitled, an act to revise the law in relation to *habeas corpus* is as follows: " When the party has been committed upon a criminal charge, unless the court or judge shall deem it unnecessary a subpœna shall be issued to summons the witnesses whose names have been indorsed upon the warrant of commitment, to appear before such court or judge at the time and place when and where such *habeas corpus* is returnable and it shall be the duty of the sheriff or other officer to whom the subpœna is issued, to serve the same, if it be possible, in time to enable such witnesses to attend." The last paragraph of section 47 of chapter 53, of the fees and salaries act, is as follows : " In criminal cases where a witness shall be required to attend from a foreign county or State, he shall be allowed his necessary railroad fare and fifty cents per day, during each day's necessary travel in going to and returning from the court, and one dollar per day for each day's necessary attendance, to be paid out of the county treasury of the county when the crime was committed, on the certificate of the clerk of the court. Provided he shall make affidavit of the number of days necessarily spent in traveling and of the amount of necessary railroad fare, and that such attendance was at the instance of State's attorney or the accused, to which shall be added the certificate of the judge of the court, that the amount is reasonable, and that such witness was a necessary witness in the cause."

This provision of the statute was enacted by the General Assembly, because the public interest required the attendance of the witness. There is no reason why one citizen should devote his time and money, without compensation, to a matter

Angell v. Union County.

in which, he had no greater interest than any other citizen. It is the duty of every citizen to obey a mandate of this character. He is in some sense a party to the proceeding, but no more so than any other citizen. Unless the judge orders otherwise, a subpœna shall be issued to summon the witnesses whose names have been indorsed upon the warrant of commitment, etc. And it becomes the duty of the officer to serve the writ at once. If the witness fails to appear, he subjects himself to the danger of attachment and heavy fine and costs. It is a criminal proceeding. It may be a final hearing and final disposition of the question involved. The public gets the benefit of the testimony of the witness and it seems manifestly just that his fees should be paid out of the public treasury. The public has just the same interest in the hearing of a petition for a writ of *habeas corpus*, as if it was a final hearing, or trial after an indictment has been found. There is certainly nothing in either of the sections incompatible with the view that we take.

The object of the government is to protect the citizen in his rights. It does not require of the citizen more than his just share of its support. The burdens as well as the blessings of the government are intended to be equally distributed. Policy, for many reasons not necessary to enumerate, dictates that the witness in a case like the one before us should be compensated. There is no just reason to the contrary. And to require a citizen to take upon himself a burden that should be borne by the whole people would often work a great hardship and wrong. It is possible that unfounded and unjust claims will be presented. We cannot and ought not to require more of a citizen than his just share in the support of the government, because occasionally an unjust claim may be allowed or a fraud perpetrated. We think, and are well satisfied, that the people may confidently rely on the scrutiny and vigilance of the judges of the circuit court to protect their treasury. In conclusion, we hold, that the proceeding upon the hearing of a writ of *habeas corpus*, as referred to in section eight of the *habeas corpus* act, has reference to criminal charges or accusations. That it is a criminal case, involving a violation of the

criminal code, and that section forty-eight of the fees and salary act was intended to and does include all criminal cases, as well the hearing of a criminal case upon a petition for a writ of *habeas corpus* as upon the hearing by the court, or jury after an indictment has been found. Therefore, the judgment of the circuit court is reversed and the cause remanded.