WALLACE GLEASON v. THE BOARD OF COMMISSIONERS OF McPHERSON COUNTY.

HABEAS CORPUS—*Nature of Proceeding.* A proceeding in *habeas corpus*, brought by one who upon an examination before a magistrate on a criminal charge has been committed for trial, is in effect an appeal from such examination, and like it is to be considered a criminal case, within the scope of § 1, ch. 108, Laws 1881.

*Error from McPherson District Court.*

JANUARY 2, 1882, a certain bill for fees and costs in the case of The State *v.* Carter, duly verified by *Wallace Gleason,* as sheriff of McPherson county, was presented for allowance to the *Board of Commissioners* of that county; but the board rejected the bill, and refused to pay it. Thereupon the sheriff appealed to the district court, and sought to recover the fees, $22.85, due to himself. Trial at the February Term, 1883, of the district court, and finding and judgment for the defendant board. Plaintiff brings the case here. Other facts are stated in the opinion.

*Frank G. White,* for plaintiff in error.

*Lucien Earle,* county attorney, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: But a single question is presented in this case. One John Carter was arrested and brought before a justice of the peace, charged with the crime of grand larceny. The justice found there was probable cause to believe him guilty,

and committed him for trial. Thereupon he sued out a writ of *habeas corpus* before the probate judge, and upon a hearing before him the latter found there was no probable cause, and discharged him from custody. Was this *habeas corpus* proceeding before the probate judge a criminal case, within the scope of § 1, chapter 108, Laws 1881? We think it was, and that the county, upon the contingencies named in the section, was liable for the fees of the sheriff. It is true that *habeas corpus* is not a criminal action within the definition given in § 7, chapter 80, Comp. Laws 1879. Nor is it indeed an action at all, but a special proceeding. It is true that with other special proceedings, it is grouped in the single statute entitled "An act to establish a code of civil procedure." And it is also true that in many cases it is a purely civil remedy, as where it is sought in behalf of parents to obtain the custody of children, or for the relief of imprisoned debtors; but we think that it is also a criminal proceeding, when sought as in this case, for the relief of a party charged with crime. In the case of *In re Snyder,* 17 Kas. 552, we said, after quoting one of the sections in respect to *habeas corpus,* that "this section gives a party committed for a crime by an examining magistrate, an appeal from his commitment by writ of *habeas corpus,*" and pointed out that the proceeding before the court was similar to that before the magistrate. As the examination before the magistrate was unquestionably a criminal case, and as this *habeas corpus* was in effect a mere appeal from that examination, it is fairly to be considered a criminal case. This construction protects officers and witnesses, and carries out the spirit of the statute concerning fees and expenses.

The judgment of the district court will therefore be reversed, and the case remanded for further proceedings.

All the Justices concurring.