## THE PEOPLE v. WILLIAM CONANT.

*Habeas corpus—Order discharging prisoner not reviewable on writ of error.*

A final order of a circuit judge discharging a prisoner in a criminal case, in habeas corpus proceedings, is not reviewable on writ of error at the suit of the people.

Error to St. Clair. (Stevens, J.) Argued January 27, 1886. Decided February 3, 1886.

The people sued out a writ of error to review the order of a circuit judge discharging an escaped prisoner from the House of Correction and Reformatory at Ionia, who had been re-arrested for the purpose of being returned to the prison to serve out his unexpired sentence. The facts are stated in the opinion. Writ dismissed.

*Moses Taggart*, Attorney General, for People.

*A. R. Avery*, for respondent.

SHERWOOD, J. This case comes into this Court by writ of error, to review the proceedings had before Judge Stevens upon a writ of habeas corpus, wherein he discharged the said Conant from the custody of the sheriff of St. Clair county, who held him in charge at the time, under the following circumstances, as he states them in his return to the writ. The following is the return:

"In obedience to the writ of habeas corpus hereto annexed, I do hereby certify and return to the circuit court for St. Clair county that, before the coming of said writ to me, to wit, on the twenty-fifth day of September, 1885, the said William Conant was placed in my custody by one Britton Clark, a constable of said county.

That said William Conant had theretofore, and about the month of February, been sentenced by W. E. Leonard, a justice of the peace of the city of Port Huron in said county, to be confined in the State House of Correction at Ionia for the period of six months, said Conant having been convicted by and before said Leonard of being a disorderly person,—a second offense.

That after said Conant was confined in said House of Correction at Ionia, and before serving out his sentence, he escaped therefrom, and that he was arrested by said Clark, by order of the warden of said House of Correction, for the purpose of returning him to said institution, to serve out the unexpired portion of his sentence aforesaid.

All of which, I certify, and have here the body of the said William Conant, as by the said writ I am commanded.

FRANK L. FOLLENSBEE, *Sheriff*."

The following is the order entered on discharging the petitioner:

"*In the Matter of the Application of William Conant for Release on Habeas Corpus.*

"In this matter, the answer of the officer having been filed, from which it appears that he holds the said Conant by virtue of a commitment issued by W. E. Leonard, a justice of the peace for the city of Port Huron, dated the fourth day of February, 1884, whereby said Conant was committed to the State House of Correction and Reformatory at Ionia

for six months from and including date, and from which it further appears that said Conant, after being received into said institution, escaped therefrom before the expiration of his said sentence, and is held by said officer for the purpose of being returned to said State House of Correction and Reformatory; and witnesses being now here sworn, and evidence heard, and that the docket and proceedings had by and before said justice of the peace, and the arguments of counsel having been heard, to wit, A. R. Avery on behalf of petitioner, and P. H. Phillips, prosecuting attorney, on the part of the officer, and due consideration thereof had,—it is found and determined that at the time of the issue of the said commitment the said William Conant was under the age of sixteen years, and could not be committed to said State House of Correction and Reformatory. It is also found that the said justice, at the time of the trial of said Conant, did not determine or enter of record the age of said Conant. Therefore it is considered that the commitment of said Conant to said State House of Correction and Reformatory is invalid, and that his imprisonment therein is unlawful, and it is ordered and adjudged that said petitioner, William Conant, be, and is hereby, discharged from the custody of said Clark, and all others claiming on account of said commitment.

HERMAN W. STEVENS, *Circuit Judge.*"

We know of no statute or practice allowing the people the right to bring error, for the purpose of obtaining a review of the proceedings in the circuit court, when the prisoner has been discharged, in this class of cases. Certainly counsel have not called our attention to any, and we do not think such a practice either proper or desirable.

The action of the circuit judge, therefore, will be allowed to stand, and the proceedings in this Court must be dismissed.

The other Justices concurred.