## THE PEOPLE v. LOUISE FAIRMAN.

*Habeas corpus—Order of discharge final and conclusive.*

1. The order of a circuit judge discharging a prisoner brought before him in habeas corpus proceedings on the ground that he is illegally imprisoned, is final and conclusive.

2. There is no statute in this State authorizing a writ of error to review such an order, nor did it lie at common law.

Error to Kalamazoo. (Mills, J.) Argued January 27, 1886. Decided February 3, 1886.

The people bring error to review the order of the circuit judge discharging a prisoner in habeas corpus proceedings. Writ dismissed as improvidently issued. The facts are stated in the opinion.

*Moses Taggart*, Attorney General, and *Frank E. Knappen*, prosecuting attorney, for People :

It is submitted that a writ of error is the proper remedy, as it is a proceeding according to the course of the common law, directed to the circuit court of Kalamazoo County, and respondents discharge is a final judgment of that court : *In re John and Joshua Hicks*, 20 Mich. 129.[1] The power to afford a beneficial remedy in this particular case, it is submitted, should not determine the question of its hearing or the reversal or affirmance of the order of the lower court, but that the ground was well stated in Hurd on Habeas Corpus, that "no decision that can be made by this court will recapture the defendants and bring them to justice ; but it has been urged upon us by the attorney general to express an

---

[1] This was a case involving the discharge by the circuit court of defendants arrested on a capias in a suit pending in that court. In sustaining the right of the plaintiff to bring error the court said:

"We think the final decision upon habeas corpus in the circuit court such a determination as may give the right to a writ of error in order to review the ruling there made. But we do not wish to be understood as holding that it is the only or preferable remedy, or that it can be made at all serviceable in certain cases, or sufficiently so in others."

opinion which may prevent their former discharge from being pleaded in bar in case they should be retaken, and may serve to guide magistrates in like cases": Hurd on Habeas Corpus, page 569; *State v. Everett* and *State v. Potter*; Dudley Law Rep. S. Car. 295.

It is submitted, finally, that the order of discharge, being a final order, and one of great importance in the administration of criminal law in the inferior courts, should be either affirmed, or vacated and set aside as a matter of law, and that whatever subsequent steps may be taken, if any can be, is not the subject of discussion on this record. *Hamilton's Case*, 51 Mich. page 174, was a case where, on certiorari from an order on habeas corpus, the order was set aside and vacated, although the time of the commitment had expired when the decision was rendered, and respondent has never since been recaptured. The only dissimilarity between that case and the one at bar, as far as this point is concerned, is that this case is a writ of error to the circuit court, and Hamilton's case was a writ of certiorari to the circuit judge—each, it is submitted, being the proper form of remedy for the state of facts intended to be reached.

*Hampden Kelsey*, for respondent.

CHAMPLIN, J. Defendant was convicted of a violation of the statute relative to the sale of property covered by a chattel mortgage, in the recorder's court, of the village of Kalamazoo. Claiming that she was illegally imprisoned, and that the commitment under which she was detained was void, she applied to the Hon. Alfred J. Mills, circuit judge of Kalamazoo County, for a writ of habeas corpus, which was granted by him, and upon a hearing he ordered her to be discharged, on the ground that she was illegally imprisoned.

The case is brought to this Court, upon writ of error sued out on behalf of the people, to review the decision of Judge Mills ordering her discharge. There is no statute in this State which authorizes a writ of error in such a case as this, and at common law the writ of error does not lie to a final order made in proceedings upon habeas corpus: *Wilson's Case*, 3 Adol. & E. 817; *Bushell's Case*, Freem. 1; *Burdett v. Abbot*, 14 East, 91, note; *King v. Bythell*, 12 Mod. 75; *King v. Layer*, 8 Mod. 87; *Pender v. Herle*, 3 Brown, Parl. Cas.

505 ; *King v. Suddis*, 1 East. 306 ; *In re Perkins*, 2 Cal. 424 ; *Ex parte Ellis*, 11 Cal. 222 ; *In re Ring*, 28 Cal. 247 ; *Yates v. People*, 6 Johns. 429 ; *Hammond v. People*, 32 Ill. 446 ; *Wade v. Judge*, 5 Ala. 130 ; *Bell v. State*, 4 Gill. 301 ; *Ex parte Mitchell*, 1 La. Ann. 413 ; *Ex parte Thompson*, 93 Ill. 89 ; *People v. Brady*, 56 N. Y. 182.

When the order is made discharging the prisoner, the rule has almost universally prevailed, independent of statutory provisions, that the order for discharge is final and conclusive, and is not subject to appeal or writ of error : *Ex parte Jilz*, 64 Mo. 205, and cases there cited.

The writ of error in this case must be considered as having been improvidently issued, and must be dismissed.

The other Justices concurred.