ANNA BOCKWOLD LARSON, Appellant, v. FRANK DUTTON and Mrs. Frank Dutton, Respondents.

(168 N. W. 625.)

**Habeas corpus — writ of — quashing — judgment — minor child — awarding possession of — to one of contending parties — is a final order or judgment — affecting substantial rights — is appealable.**

A judgment or order quashing a writ of habeas corpus and awarding the possession and custody of a minor child to one of the contending parties is a final order or judgment affecting substantial rights, which is made in a special proceeding and is appealable under the provisions of § 7841 of the Compiled Laws of 1913.

Opinion filed July 25, 1918.

Motion by respondents to dismiss an appeal from a judgment quashing a writ of habeas corpus and awarding the custody of a minor child to the possession of the defendants.

Motion denied.

*Wade A. Beardsley* and *E. T. Burke,* for appellant.

*Newlon, Dullam, & Young,* for respondents.

BRUCE, Ch. J. This is a motion to dismiss an appeal taken from a judgment of the district court, quashing a writ of habeas corpus and

NOTE.—For a discussion of the question of habeas corpus decree as to the custody of infant as *res judicata,* see notes in 67 L.R.A. 783, and 49 L.R.A.(N.S.) 83.

awarding to the defendants the custody and possession of a minor child. The motion to dismiss is made on the theory that the judgment or order is not appealable.

The Statutes of North Dakota in relation to appeals are as follows:

Section 7818: "A judgment or order in a civil action or in a special proceeding in any of the district courts may be removed to the supreme court by appeal as provided in this chapter, and not otherwise."

Section 7841: "The following orders when made by the court may be carried to the supreme court:

"1. An order affecting a substantial right made in any action when such order in effect determines the action and prevents a judgment from which an appeal might be taken.

"2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment.

"3. When an order grants, refuses, continues or modifies a provisional remedy, or grants, refuses, modifies or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of § 8074 of this Code; when it sets aside or dismisses a writ of attachment for irregularity; when it grants or refuses a new trial or when it sustains or overrules a demurrer.

"4. When it involves the merits of an action or some part thereof; when it orders judgment on application therefor on account of the frivolousness of a demurrer, answer or reply on account of the frivolousness thereof.

"5. Orders made by the district court or judge thereof without notice are not appealable; but orders made by the district court after a hearing is had upon notice which vacate or refuse to set aside orders previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice."

Section 7846: "In all actions tried by the district court without a jury, in which an issue of fact has been joined, excepting as hereinafter provided, all the evidence offered on the trial shall be received. Either party may have his objections to evidence noted as it is offered;

but no new trial shall be granted by the district court on the ground that incompetent or irrelevant evidence has been received, or on the ground of the insufficiency of the evidence. A party desiring to appeal from a judgment in any such action shall cause a statement of the case to be settled within the time and in the manner prescribed by article 8 of chapter 11 of this Code, and shall specify therein the questions of fact that he desires the supreme court to review and all questions of fact not so specified shall be deemed on appeal to have been properly decided by the trial court. Only such evidence as relates to the questions of fact to be reviewed shall be embodied in this statement. But if the appellant shall specify in the statement that he desires to review the entire case, all the evidence and proceedings shall be embodied in the statement. All incompetent and irrelevant evidence, properly objected to in the trial court, shall be disregarded by the supreme court, but no objection to evidence can be made for the first time in the supreme court. The supreme court shall try anew the question of fact specified in the statement or in the entire case, if the appellant demands a retrial of the entire case, and shall finally dispose of the same whenever justice can be done without a new trial and either affirm or modify the judgment or direct a new judgment to be entered in the district court; the supreme court may, however, if it deem such course necessary to the accomplishment of justice, order a new trial of the action. In actions tried under the provisions of this section, failure of the court to make findings upon all the issues in the case shall not constitute a ground for granting a new trial or reversing the judgment; provided, that the provisions of this section shall not apply to actions or proceedings properly triable with a jury."

We have no doubt that the judgment was appealable. We are, however, also of the opinion that, though the order or judgment was as to the particular facts in controversy a final order and appealable, in all of such cases the welfare of the child is the primary consideration, and "the order in such a case is not an unalterable final judgment, but will last only as long as no material change of circumstances require a change of custody." Knapp v. Tolan, 26 N. D. 23, 49 L.R.A.(N.S.) 83, 142 N. W. 915.

That the order or judgment is appealable is to us the inevitable result of our prior decision in Knapp v. Tolan, supra. In the case of

Knapp v. Tolan, supra, we held that, "where the writ of habeas corpus is used, not as a writ of liberty in the strict and original sense of the term, but only indirectly and theoretically as such and as a means of inquiring into and determining the rights of conflicting claimants to the care and custody of a minor child, the doctrine of *res judicata* will apply; and where no material change of circumstances is shown to have arisen since the determination of a prior proceeding in habeas corpus which has been adjudicated in a court of competent jurisdiction, the writ will not be granted by another court as a matter of right."

"It follows as a result of such a rule that since the judgment rendered upon the facts existing at the time of the trial is binding and conclusive and bars a subsequent proceeding by the parties thereto upon the same facts, the order made thereon is a final order, so far as the facts existing at the time of the institution of the case and trial are involved; and that such an order is final within the meaning of the statutes for the purpose of review." Jamison v. Gilbert, 38 Okla. 751, 47 L.R.A.(N.S.) 1133, 135 Pac. 342; Carmack v. Marshall, 211 Ill. 519, 67 L.R.A. 787, 71 N. E. 1077, 1 Ann. Cas. 256; Bleakley v. Smart, 74 Kan. 476, 87 Pac. 76, 11 Ann. Cas. 125; Hall v. Whipple, — Tex. Civ. App. —, 145 S. W. 308, 12 R. C. L. 1258.

Even though the trial court, upon proper motion and upon a new showing of facts, may make other orders regarding the custody of the child, and even though the judgment of this court will not preclude any such motion or proceeding, if the welfare of the child demands it, such a possibility ought not and will not deprive the appellant of his right to have the action of the trial court reviewed. Hall v. Whipple, — Tex. Civ. App. —, 145 S. W. 308.

The motion to dismiss the appeal is denied, with $15 costs to the appellant.

GRACE, J. I concur in the result.

CHRISTIANSON, J. (concurring specially). Under the laws of this state, "every person imprisoned or restrained of his liberty under any pretense whatever may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint, and thereby (except in the cases specified in the next section) obtain relief from such imprison-

ment or restraint if it is unlawful." Comp. Laws 1913, § 11,359. And "the writ of habeas corpus must be granted, issued and made returnable as hereinafter stated:

"1. The writ must be granted by the supreme court or any judge thereof upon petition by or on behalf of any person restrained of his liberty within this state. When granted by the court it shall in all cases be issued out of and under the seal of the supreme court, and may be made returnable, either before the supreme court, or before the district court or any judge of the district court.

"2. The writ may be granted, issued and determined by the district courts and the judges thereof upon petition by or on behalf of any person restrained of his liberty in their respective districts.

"When application is made to the supreme court, or to a judge thereof, proof by the oath of the person applying or other sufficient evidence shall be required that the judge of the district court having jurisdiction by the provisions of subdivision 2 of this section is absent from his district or has refused to grant such writ, or for some cause to be specially set forth is incapable of acting, and if such proof is not produced, the application shall be denied." Comp. Laws 1913, § 11,362.

It has been said that this latter section is an innovation, and intended as an innovation, upon the old practice. "It strikes at once at the matter of repeated applications to courts of equal authority. A district court, or the judge thereof, can only grant, issue and determine the writ upon the petition of a party confined in that particular district. No other district court or judge has any jurisdiction." Carruth v. Taylor, 8 N. D. 180, 77 N. W. 617. Neither can a party come to the supreme court in the first instance as a matter of course. "Certain facts must be shown. The judge of the district court of the district where the petitioner is confined must be absent, or must refuse to act, or for some cause to be specially set forth must be incapable of acting." Ibid.

The question presented in this case is whether the decision of the district court denying a writ of habeas corpus is appealable.

The right of appeal is not specifically granted in any case by the Constitution of this state. Hence, under the prevailing modern rule, the appellate procedure is a matter for legislative regulation. In other words, in this state the right of appeal is a statutory right to be defined,

limited, and regulated by the legislature. 2 Enc. Pl. & Pr. 12–21. This rule applies with full force in habeas corpus cases. Carruth v. Taylor, 8 N. D. 166, 168, 77 N. W. 617; 10 Standard Proc. 953.

Whether a decision in a habeas corpus case is a final order affecting a substantial right made in a special proceeding, or a final judgment within the purview of the statutes permitting appeals and writs of error, is a question upon which the courts have differed. 9 Enc. Pl. & Pr. 1072; 12 R. C. L. pp. 1256 et seq. It is also a question upon which the members of this court have differed. See Carruth v. Taylor, 8 N. D. 166, 77 N. W. 617. In Carruth v. Taylor this court held that a final order entered by a district court in a habeas corpus case is not appealable. This ruling was approved in State ex rel. Styles v. Beaverstad, 12 N. D. 527, 97 N. W. 548, wherein this court said: "A majority of the court, as now constituted, adhere to the ruling that an order discharging the writ and remanding the petitioner, when made by a district judge, is not an appealable order; and all members of the court are agreed that the order of remand was not *res judicata;* but that relator is entitled to have his petition for a second writ upon the same facts considered by this court, notwithstanding such order of the district judge." 12 N. D. 530. But in the subsequent case of Knapp v. Tolan, 26 N. D. 23, 49 L.R.A.(N.S.) 83, 142 N. W. 915, this court held that where the object of the writ of habeas corpus is to determine who is entitled to the custody of an infant, the decision becomes *res judicata* and precludes the issuance of a second writ upon the same state of facts. Under the holding in the latter case, therefore, the decision of a district court in a habeas corpus case involving the custody of an infant necessarily becomes final upon the facts existing and presented for determination in that case. As such decision becomes final as to the contending parties upon the right of guardianship and the permanent custody of such infant, it would seem to follow that an appeal will lie under the provisions of our statutes relative to appeals in civil actions or proceedings. State, Baird, Prosecutor, v. Baird, 19 N. J. Eq. 481; 12 R. C. L. pp. 1257 et seq.

The former decisions of this court are all supported by many decisions. The distinction (pointed out in Knapp v. Tolan, supra) between a case wherein the writ of habeas corpus is used strictly for the purpose of obtaining the release of one who claims to be illegally restrained of

his liberty and one where the object of the writ is to determine the custody of an infant is recognized by the authorities generally. While this is true, I am by no means satisfied that this distinction was justified under our statute and the former decisions of this court. Under our statute the writ of habeas corpus is authorized only when certain conditions are shown to exist. When a condition justifying the issuance of the writ is shown to exist, the writ should be granted. If the condition does not exist, it should be denied. The statute makes no distinction between the procedure or effect of the writ in different classes of cases. However, as already stated, this court has drawn a distinction, and while I entertain considerable doubt as to the correctness of the rule announced in Knapp v. Tolan,—in view of the language of our habeas corpus act and the former decisions of this court relative to the finality and appealability of decisions in habeas corpus cases,—I am not prepared to say that the former decision should be overruled. It is desirable that rules of procedure be certain. This is especially so in cases involving questions as important as those which arise under the habeas corpus act, and the rules of procedure as established by former decisions ought not to be departed from, but rather harmonized, if it is possible to do so. And if the rule announced in Knapp v. Tolan, supra, is to stand, then manifestly the decision of a district court in a habeas corpus case involving the custody and right of guardianship of an infant is final, and concludes substantial rights of the contending parties, and is subject to review in this court by appeal or writ of error. To deny such review would be contrary to the spirit of our laws. It seems to me, however, that there is some danger that confusion may arise with respect to the procedure in habeas corpus cases in view of the different decisions of this court and the provisions of our statute, and it may be desirable to clarify the situation which has arisen by legislative enactment.

Our statute on appeals provides for appeals to the supreme court only from judgments and orders of district courts and of county courts having increased jurisdiction. But a writ of habeas corpus may be issued and a hearing in such proceeding had before one of the judges of the supreme court. In such a case there is no appeal, nor is any other mode of review provided by the statute. The question naturally presents itself, What will be the effect of an order entered by a judge of

the supreme court in a habeas corpus proceeding which involves the custody of a child? Manifestly, such order would not be a determination of a district court, nor would it be a determination of the supreme court. Would the order be *res judicata* under the ruling in Knapp v. Tolan, supra, or might another writ be issued either by the district court or the supreme court, and the same facts reinvestigated? In either case an unusual situation is presented. If the determination of a judge of the supreme court in such case is *res judicata,* then there is no way to review the correctness of such decision insofar as it is based upon the facts involved in the particular case. If it is not *res judicata,* then the situation is presented whereby the determination of a district judge upon a certain state of facts is final and conclusive, whereas the determination by a judge of the supreme court upon the same facts has no binding effect whatever. This is merely illustrative of the perplexing questions which may arise in the future under our statute and the rules announced in the former decisions of this court.

As I understand the matter, there is no intention on the part of the majority members to overrule Carruth v. Taylor and State ex rel. Styles v. Beaverstad, supra. But the intention is merely to limit the rule announced in those decisions to cases wherein the writ of habeas corpus is used strictly for the purpose of obtaining the release of one who claims to be illegally restrained of his liberty. The law in this state, as established by the different decisions, therefore, is:

(1) In cases, arising in a district court, where the writ of habeas corpus is used as a writ of liberty—that is, when it is used strictly for the purpose of obtaining the release of one who claims to be illegally restrained of his liberty,—the decision is not final. It does not become *res judicata,* nor is it subject to review by appeal or writ of error.

(2) But in cases (arising in the district court) where the writ of habeas corpus is used for the purpose of determining the right of guardianship and custody of an infant, the decision is final and concludes the contending parties upon the facts then existing. Such decision is *res judicata,* and an appeal will lie therefrom.

It should follow, also, as a matter of orderly procedure, that a judge of this court ought not to hear and determine habeas corpus cases of the latter kind. And also that cases of the latter kind ought, in the first

instance, to be heard in the district court and brought here in the regular way by appeal.

BIRDZELL, J. (dissenting). I dissent from the views entertained by the majority of the court in this case, and, though the question is but a narrow one of procedure, I feel that I should briefly state the reasons for my dissent. I have arrived at a conclusion in this case only after considerable reluctance, due to the fact that the result arrived at by the majority provides an apparently simple procedure for securing a review and determination of the issues involved in habeas corpus proceedings before district courts. But, upon mature reflection, it seems to me that the simplicity of the procedure is apparent rather than real, and that it gives rise to difficulties and complications that would be altogether eliminated if the statute (§ 11,362, Compiled Laws of 1913) were strictly adhered to and no distinction attempted to be read into it, based upon the use of the writ to determine the legal custodianship of a minor as distinguished from its use to determine the legality of an imprisonment. Whatever warrant there may be for such a distinction in the ultimate determination of the rights of the parties after the writ has been issued, I am satisfied that, under our statutes, there is no occasion for carrying the distinction into the realm of procedure.

When an application is made and is supported by the facts which the statute requires to be stated, the statute provides that the writ "must be granted" by the supreme court or by any judge thereof. The language is mandatory, and it is sufficiently broad to bring before this court or before any judge thereof the merits of any controversy which might be properly disposed of in a habeas corpus proceeding. The attempt to clarify the procedure by entertaining appeals from orders of district courts only tends to greater confusion. Such a state of confusion will only be partially avoided by following out the suggestion contained in the concurring opinion of Judge Christianson, to the effect that a judge of this court ought not to hear and determine proceedings in habeas corpus where the custody of an infant is involved. In my judgment, this power should not be relinquished. Under the statute the duty is mandatory and is one that has previously been exercised. Re Sidle, 31 N. D. 405, 154 N. W. 277. It would be equally

the duty of a judge of this court to issue the writ in similar circum- stances. Comp. Laws 1913, § 11,362.

Traditionally, and of necessity, habeas corpus is a speedy remedy for the determination of the legality of a restraint of personal liberty or the legal custodianship of a minor; and the writ may be issued by a district judge, where a person is restrained of his liberty in his district, or by a judge of this court or by the court in term time or vacation. When the writ is issued the judgment should, in all cases, determine the cause upon the merits presented in the application, the answer, and the evidence. Under the rule adhered to by the majority, this court will be driven to the review of the records for the purpose of determining the correctness of judgments entered by district courts in habeas corpus proceedings, while the statute contemplates that the court itself should determine the matter as an original proposition or, in its discretion, direct that it be determined before a designated district court or judge. It is inconceivable that any cause can arise wherein the writ may be appropriately employed where the merits cannot be brought to this court by an original application. If facts are stated in the application which would seem to warrant a final adjudication in this court, it can, of course, be determined here, rather than before a district judge. Ibid. Hence, there is no occasion for an appeal in such matters. If an appeal had been contemplated, it is difficult to see why a judge of this court, as distinguished from the court itself, would have been authorized by statute to issue the writ and determine the cause. Clearly there would be no appeal in such a case, but yet on a subsequent original application the court itself might determine the whole controversy anew. As further indicating the confusion which results from the holding of a majority, a party adversely affected by the determination of the issues in a habeas corpus proceeding by a district judge might renew his application before the time had expired for an appeal. If his application be denied, he might then apply to this court or to a judge thereof, and it would become the duty of the court or of the judge to issue the writ. The statute does not contemplate that the legality of a restraint or the custodianship of a minor shall ever be placed beyond the realm of inquiry in an appropriate original habeas corpus proceeding. This is the virtue of the writ.

The doctrine of *res judicata* in such cases is employed largely at the

discretion of the courts before whom a hearing is had for the purpose of preventing the repeated litigation of questions of fact, and its application may safely be left to the sound discretion of the judge before whom the application is made or hearing had. The statute does not give to a person who claims that his liberty is restrained the right to appear before various district judges, but, on the contrary, it localizes the jurisdiction to the district within which the party is restrained. This takes care of the inconvenience that would result if a party were free to make successive applications to different district judges.

As I view the question, it is fully covered by the statute, and there is no occasion for making the distinction that is made by the majority in order to secure a review of the action of the district court. Whatever the necessities may be in those jurisdictions where statutes similar to ours do not exist, and where ample statutory provision might not be made for a review of the proceedings had in habeas corpus matters before courts of original jurisdiction, it is clear that these necessities are not present in this state under our statutes. Even if there were a necessity for a review in this court, in my judgment it would be preferable to provide for such review by writ of error under the authority of chapter 225 of the Session Laws of 1917.