Charles Edward SMITH, Petitioner,

v.

STATE of North Dakota, Respondent.

Cr. No. 545.

Supreme Court of North Dakota.

Dec. 9, 1975.

Charles Edward Smith, pro se.

Robert P. Brady, Asst. Atty. Gen., Bismarck, for respondent.

VOGEL, Justice.

The petitioner has filed a petition for a writ of habeas corpus, accompanied by an affidavit and motion to proceed in forma pauperis. The motions are denied.

Petitioner states that the question presented by his petition is "whether the refusal of a free certified copy of the entire record, including a stenographic transcript of the proceedings, and therefore unable to perfect his appeal founded upon unconstitutional errors of the trial court, the criminal proceedings, the State Attorney's and trial counsel; petitioner is denied due process of law and the equal protection of the law guarantee[d] by the fourteenth Amendment."

The petitioner nowhere specifies the nature of the "unconstitutional errors" he alleges.

He was convicted in Ward County on a charge of robbery, after a jury trial. He has other convictions and charges not involved in this petition. He was represented by an attorney in the Ward County trial. He did not appeal.

■ About a year later, on August 26, 1973, he wrote a letter to the Supreme Court which he asked to have treated as a petition for a writ of habeas corpus. It was so treated. The questions raised by the petitioner at that time were whether there was error in allowing persons who subsequently were prosecution witnesses to see him in the county jail, whether he was granted a speedy trial, whether he had effective assistance of counsel, and whether he was prejudiced by refusal of his counsel to file an appeal. This court directed that his petition be considered by the Honorable Eugene A. Burdick, district judge.

Judge Burdick appointed an attorney who, after investigation, moved to be relieved of further obligation to the defendant upon the ground that a careful review of the transcript of the trial and other proceedings showed that the issues raised by the defendant were without merit. Judge Burdick then gave the petitioner an opportunity to respond, and the petitioner wrote a letter to the court setting forth his response. Judge Burdick, having given the matter due consideration, denied a request for the appointment of further counsel and held that no violation of any constitutional right had been shown, that no points had been raised which would be arguable on appeal, and that any appeal or further review of the matter would be frivolous and without merit.

In view of the total absence of any claim that the petitioner has any grounds in addition to those asserted in his earlier petition, we find the present petition to be frivolous.

■ If there were any additional grounds, the appropriate procedure would be a motion under the Uniform Post-Conviction Procedure Act, Chapter 29–32, N.D. C.C., and not by habeas corpus. Such a petition should be presented to the district court in the district where the petitioner was convicted, rather than the district of confinement or the Supreme Court. *McGuire v. Warden,* 229 N.W.2d 211 (N.D. 1975).

If petitioner had alleged an adequate basis for a writ of habeas corpus, he would not necessarily be entitled to a full transcript. He first would have to show that he had failed in a good-faith effort to obtain any existing copy of the transcript and had failed in a good-faith attempt to prove his right to a writ by a substitute record, such as an agreed statement of fact or a summary by the court. *Wade v. Wilson,* 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970); *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *State v. Moore,* 82 N.W.2d 217 (N.D.1957).

Petition for writ of habeas corpus denied.

ERICKSTAD, C. J., and SAND, PEDERSON and PAULSON, JJ., concur.