James BUSHAW, Petitioner,

v.

Joseph H. HAVENER, Warden,
Respondent.

Crim. No. 572.

Supreme Court of North Dakota.

Nov. 19, 1976.

James Bushaw, pro se.

Tom Tuntland, Asst. State's Atty., Morton County, Mandan, for respondent.

PEDERSON, Justice.

The petitioner, James Bushaw, has invoked the original jurisdiction of this court by filing a petition for a writ of habeas corpus, accompanied by an affidavit and motion to proceed in forma pauperis, seeking to be discharged from confinement. Bushaw was convicted of the crime of robbery of Hardee's restaurant, located in Mandan, on May 9, 1976. Shortly after the robbery, Bushaw was apprehended and immediately taken to Hardee's restaurant, where he was identified by several of Hardee's employees as one of the robbers. He was then arrested and charged with attempted robbery, which charge was later amended to the crime of robbery for which he was ultimately tried and convicted in the district court of Morton County.

Bushaw failed to appeal his conviction. On August 17, 1976, he requested, by letter, transcripts of the arraignment, preliminary hearing, trial, and sentencing from the Morton County District Court. He was advised by that court that the proper procedure for requesting such transcripts under the Uniform Post-Conviction Procedure Act, Chapter 29–32, NDCC, was by application and affidavit indicating a need for such records. Bushaw then filed a petition for a writ of habeas corpus with the district court of Burleigh County on September 27. The petition was denied on October 4 for failure to exhaust remedies available under the Uniform Post-Conviction Procedure Act. Bushaw then filed his petition for writ of habeas corpus with this Court. We also deny the writ for failure to exhaust his remedies under the Act.

Subsection 2 of Section 29–32–01, NDCC, provides:

"This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of direct review of the sentence or conviction. Except as otherwise provided in this chapter it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them."

■ We have previously held that this section indicates that the Uniform Post-Conviction Procedure Act was intended to replace habeas corpus proceedings so far as persons convicted of criminal offenses are concerned. In *McGuire v. Warden of State Farm, etc.*, 229 N.W.2d 211, 216 (N.D.1975), we said:

"For reasons we have stated, because of the provisions of the Uniform Post-Conviction Procedure Act and in the interest of orderly management of the case flow of the courts, petitions for relief in the nature of habeas corpus should normally be directed to the court in the district of conviction, under the Uniform Post-Conviction Procedure Act."

*Accord, Smith v. State*, 236 N.W.2d 632 (N.D.1975).

■ We have previously decided the substantive questions presented in a habeas corpus action even though the petitioner has failed to exhaust his remedies under the Uniform Post-Conviction Procedure Act when the merits have been briefed and argued, and when unique questions or matters of substantial importance have been involved. *Kittelson v. Havener*, 239 N.W.2d 803 (N.D.1976). Yet only in these exceptional circumstances are we justified in ignoring the express intent of the Legislature by granting the writ of habeas corpus before the petitioner has exhausted his remedies under the Act.

■ In this case it appears that Bushaw has failed to adequately exhaust his remedies under that Act. Bushaw's only attempt to invoke the remedies available under the Act was a letter to the Morton County District Court, in which he was tried and convicted, requesting records of the arraignment, preliminary hearing, trial, and sentencing. When advised that he would have to proceed by application and affidavit, as required by Section 29–32–04, NDCC, he chose instead to file an original writ of habeas corpus with the Burleigh County District Court, which was subsequently denied.

Should this Court now decide the substantive issues in this case, our previous admonitions that other remedies must first be exhausted will have a hollow ring, and circumvention of legislative directives will be encouraged. Moreover, we think the procedures available under the Uniform Post-Conviction Procedure Act allow a fuller development of the record and a sharper definition of the substantive issues when violations of constitutional rights are alleged. If the decision is adverse to the petitioner when proceeding under the Act, his right to appeal to the Supreme Court within six months is preserved by Section 29–32–09, NDCC. In this manner the petitioner is afforded a full and fair hearing with the entire record available for review.

Writ of habeas corpus quashed.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.