Floyd SHULZE, Plaintiff and
Appellant,

v.

Winston E. SATRAN, Warden of the
North Dakota State Penitentiary,
Defendant and Appellee.

Civ. No. 10795.

Supreme Court of North Dakota.

May 22, 1985.

Phillip J. Brown, Bismarck, for plaintiff and appellant.

Edwin F. Zuern, Sp. Asst. Atty. Gen., Bismarck, for defendant and appellee.

VANDE WALLE, Justice.

This is an appeal from a district court judgment denying Floyd Shulze's application for post-conviction relief under Chapter 29–32, N.D.C.C. We affirm.

On February 24, 1984, Shulze, an inmate at the State Penitentiary, was charged with violating a prison rule for his alleged involvement in an incident in which a "tripwire" and broken glass were placed along one of the corridors of the prison. Shulze, who appeared before the prison Adjustment Committee and denied any involvement in the incident, was found guilty of violating the prison rule. Shulze was assessed a penalty of fifteen days in disciplinary segregation and loss of one month's "good time," and was referred to the Administrative Isolation Board. Shulze, in writing, appealed the Adjustment Committee's action to the Warden, stating, "I want to take a polygraph imeditialy [*sic*]." The Administrative Isolation Committee recommended that Shulze be allowed "to tell the Warden his story and that if he is exonerated the Adjustment Committee action be negated ..."

The Warden granted Shulze's request for a polygraph examination. The Warden also commented:

"Mr. Schultz [*sic*] is not to be released to the population until he has taken a polygraph examination. If he is cleared he will be released. If he fails the examination he will have to abide by the adjustment committee recommendation."

A polygraph examination was given, and it was the opinion of the examiner that Shulze responded deceptively to questions regarding his involvement in the tripwire incident. The Warden denied Shulze's appeal and he was placed in administrative

isolation, where he remained until October 1984. Shulze also appealed to the Director of Institutions and submitted an affidavit of another inmate who admitted sole responsibility for the tripwire incident. This appeal was likewise denied.

Shulze sought habeas corpus relief in United States District Court, which dismissed the application for failure to exhaust State remedies. Shulze then commenced this action for post-conviction relief in State court. Shulze claimed that consideration of the results of the polygraph examination by the prison officials violated his due-process rights.

The district court determined that the polygraph test had not been taken at the time the Adjustment Committee found Shulze guilty of violating the prison rule and therefore the test results were not considered by the committee in reaching its decision. The court found that Shulze requested the test in writing in his appeal to the Warden and that the test was therefore voluntary and not at the request of the Adjustment Committee, Warden, or Director of Institutions. The court also found that, even without the polygraph test results, the evidence justified the finding that Shulze violated the prison rule, and that:

> "The polygraph test result was only one of the factors relied upon by the Warden and the Director of Institutions in the appeal process. All the facts surrounding the incident and the investigation were considered."

The district court concluded that, under these circumstances, Shulze's due-process rights were not violated by consideration of the polygraph results, in addition to other relevant evidence, by the Warden and Director of Institutions in reviewing the determination of the Adjustment Committee. Judgment was entered on September 6, 1984, and Shulze appealed.

Shulze asserts that the district court's finding that the polygraph test results were only one of the factors relied upon by the Warden and the Director of Institutions is in error.

The district court's findings of fact in this case were based entirely on documentary evidence. In *Varnson v. Satran*, 368 N.W.2d 533 (N.D.1985), we held that our standard of review of factual findings is governed by Rule 52(a), N.D.R.Civ.P., in appeals brought pursuant to Chapter 29–32, N.D.C.C., but noted that this court is not bound by Rule 52(a) when the district court's findings are based solely on documentary evidence. As in *Varnson*, however, the standard of review we apply is inconsequential in this case because, applying either standard, we agree with the district court's resolution of this factual dispute.

██ The Warden testified by affidavit that he reviewed the record of the disciplinary committee hearing and concluded there was sufficient evidence to justify the committee's finding of guilt. The Warden further stated that he granted Shulze's request for a polygraph examination, the results of which "simply confirmed my determination," and that the results of the polygraph test were "not the determining factor in upholding the disciplinary committee's findings." In addition, the letter from the Director of Institutions denying Shulze's appeal reveals that the Director of Institutions considered other evidence in addition to the polygraph test results in reaching his decision.

The evidence establishes that the polygraph test results were only one of the factors relied upon, and that all of the facts surrounding the incident and investigation were considered by the Warden and the Director of Institutions.

Shulze also asserts that his due-process rights were violated because the Warden and the Director of Institutions considered the results of the polygraph examination in reviewing the Adjustment Committee's finding that Shulze was guilty of violating the prison rule. Shulze does not challenge the foundational aspects of the test, but claims that polygraph examination results are inherently unreliable and incompetent evidence, and should be barred from consideration in prison disciplinary proceedings.

■ Our decision today in *Varnson v. Satran*, 368 N.W.2d 533 (N.D.1985), is controlling. In *Varnson*, we declined to impose a blanket prohibition on the use of polygraph examinations in a prison setting, and held that it is not a violation of due process to allow an inmate to voluntarily submit to a polygraph examination and for the Adjustment Committee and Parole Board to consider the results of the test, with other evidence, in disciplinary proceedings and parole-release determinations.

In the present case, Shulze was found guilty of violating the prison rule by the Adjustment Committee before the polygraph examination was given. Shulze was not required to take the test, but in his appeal to the Warden, he specifically requested that he be given the polygraph examination in an attempt to exonerate himself. The Warden granted his request. We have already determined that both the Warden and the Director of Institutions did not rely solely on the polygraph test results, but considered them in addition to the other evidence presented. Under these circumstances, Shulze was not denied due process.

The judgment is affirmed.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.