Herbert O. **JENSEN**, Petitioner,

v.

**STATE of North Dakota, Respondent.**

Cr. No. 1068.

Supreme Court of North Dakota.

Sept. 4, 1985.

---

Herbert O. Jensen, Bismarck, pro se.

Edwin Zuern, Sp. Asst. Atty. Gen., Bismarck, and Vincent A. LaQua, State's Atty., Fessenden, for respondent State of North Dakota; argued by Edwin Zuern, Bismarck. Appearance by Vincent A. LaQua, Fessenden.

LEVINE, Justice.

Herbert O. Jensen has petitioned for a writ of habeas corpus, alleging that his murder convictions are void due to defects in the proceedings leading to the convictions. Although we conclude that exercise of this Court's original jurisdiction is appropriate, we further conclude that Jensen has failed to establish any error which would invalidate his convictions and render his detention unlawful.

Jensen's original convictions on two counts of second degree murder were reversed in *State v. Jensen,* 251 N.W.2d 182 (N.D.1977). Jensen was retried and again convicted on both counts. Those convictions were affirmed in *State v. Jensen,* 282 N.W.2d 55 (N.D.1979).

Jensen filed an application for post-conviction relief and a motion for a new trial, which were denied by the District Court of Wells County. Jensen attempted an appeal to the Supreme Court. We dismissed the appeal from the order denying post-conviction relief as premature, but reached the merits of the appeal from the order denying a new trial. *State v. Jensen,* 333 N.W.2d 686 (N.D.1983). All issues raised by Jensen were disposed of on appeal. *See State v. Jensen, supra,* 333 N.W.2d at 690–691.

Jensen subsequently sought habeas corpus relief in federal district court. The federal district court dismissed Jensen's petition, noting that Jensen had not sought habeas corpus review in a state forum and therefore had not exhausted all possible state remedies.

Jensen has now filed a petition for an original writ of habeas corpus with this Court. He contends that the Uniform Post-Conviction Procedure Act, Chapter 29–32, N.D.C.C., does not supplant his right to invoke the original jurisdiction of this Court in habeas corpus. He thus contends that he may seek further review of his convictions through an original writ of habeas corpus in this Court. On the merits, Jensen raises numerous issues regarding the validity of his convictions. He also has filed various motions for discovery and a motion for proof of attorney's authority pursuant to § 27–13–04, N.D.C.C. Many of the issues raised by Jensen have been raised in previous proceedings before various courts.

The threshold issue presented is whether this Court retains authority to exercise its original jurisdiction to issue writs of habeas corpus, or whether the appeal provision of § 29–32–09, N.D.C.C.,[1] is an equivalent substitute which supplants our authority to hear original petitions for habeas corpus.

Our authority to exercise original jurisdiction in habeas corpus derives from the State Constitution. Pronouncements of this Court defining the extent of its original jurisdiction over habeas corpus date back to the early days of statehood:

"It goes without saying that all persons in durance vile in this state have a constitutional right to invoke the original jurisdiction of this court to issue and hear the writ of habeas corpus; nor can the legislature by any enactment wholly deprive this court of such original jurisdiction in any case. Section 87 of the state consti-

---

**1.** Section 29–32–09, N.D.C.C., authorizes an appeal from a final judgment under the Act to be brought by the applicant within six months from the entry of judgment.

The 1985 Legislature repealed Chapter 29–32, N.D.C.C., and has replaced it with an updated version of the Uniform Post-Conviction Procedure Act. *See* 1985 N.D.Sess.Laws Ch. 366 [codified at Ch. 29–32.1, N.D.C.C.]. The new appeal provision requires the applicant to file a notice of appeal within ten days after entry of judgment. Section 29–32.1–14, N.D.C.C. The new provisions apply to convictions which occur after June 30, 1985, and the present proceeding, commenced prior to the effective date of Chapter 29–32.1, is therefore governed by Chapter 29–32, N.D.C.C.

tution especially confers the power upon this court to issue the writ of habeas corpus." *Carruth v. Taylor*, 8 N.D. 166, 174, 77 N.W. 617, 620–621 (1898).

Prior to amendment of the Judicial Article in 1976, Section 87 of the State Constitution provided in pertinent part:

"It [the Supreme Court] shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction and such other original and remedial writs as may be necessary to the proper exercise of its jurisdiction, and shall have authority to hear and determine the same; ..."

The 1976 amendment enacted Article VI, Section 2, which provides in part:

"*Section 2.* The supreme court shall be the highest court of the state. It shall have appellate jurisdiction, and shall also have original jurisdiction with authority to issue, hear, and determine such original and remedial writs as may be necessary to properly exercise its jurisdiction."

█ Although the amendment deleted specific reference to habeas corpus, we believe that the provision in Article VI, Section 2, that this Court has original jurisdiction to issue, hear, and determine such original and remedial writs as may be necessary to exercise its jurisdiction, includes the authority to issue original writs of habeas corpus. In *Smith v. Satran*, 295 N.W.2d 118, 119 (N.D.1980), we impliedly recognized that the 1976 amendment did not remove this Court's authority to issue writs of habeas corpus in exercise of its original jurisdiction. We do not believe that the people of this State, in adopting the 1976 amendments, intended to abrogate the historical right to petition the highest court of the State for issuance of the "Great Writ." Rather, the change which deleted the list of the various writs in Sec-

tion 87 was, we believe, intended to remove what appeared to be redundant language.

Having established that the citizens of this State retain the right under the Constitution to petition this Court for a writ of habeas corpus, we turn next to the State's contention that the appeal provisions of Chapter 29–32, our codification of the Uniform Post-Conviction Procedure Act, are an exclusive and equivalent substitute for the right to petition this Court for a writ of habeas corpus.

Article I, Section 14 of the Constitution provides that "the writ of habeas corpus shall not be suspended unless, when in case of rebellion or invasion, the public safety may require." We have held that this constitutional provision is not violated by legislative enactments which regulate practice or reasonably restrict the exercise of the constitutional right. *Carruth v. Taylor, supra*, 8 N.D. at 173, 77 N.W. at 620; *see also McGuire v. Warden of the State Farm*, 229 N.W.2d 211, 214 (N.D.1975). *Carruth* is the seminal case in this State outlining the constitutional breadth of the writ. In *Carruth*, the Court held that no appeal was permitted from a final order in a habeas corpus case.[2] This holding was based in part upon the Court's conclusion that a statute restricting venue at the district court level to the district where the petitioner is imprisoned[3] was a reasonable regulation of procedure in habeas corpus cases, and was therefore not violative of the Constitution.

Enactment of the Uniform Post-Conviction Procedure Act by the Legislature in 1969 raised many questions regarding the effect of the Act on the constitutional right to habeas corpus. The constitutionality of the venue provision of the Uniform Act was challenged in *McGuire v. Warden of the State Farm, supra*. Justice Vogel's opinion for the Court in *McGuire* provides

---

**2.** A different rule has developed in cases where a habeas corpus proceeding is initiated to determine the custody of a child. We have consistently held that an appeal is permitted in such cases. *See J.L.R. v. Kidder County Social Service Board*, 295 N.W.2d 401, 404 n. 2 (N.D.1980); *In re Wagner*, 84 N.W.2d 587, 588 (N.D.1957);

*Raymond v. Geving*, 74 N.D. 142, 147, 20 N.W.2d 335, 337 (1945); *Larson v. Dutton*, 40 N.D. 230, 232–233, 168 N.W. 625, 626 (1918).

**3.** Section 32–22–04, N.D.C.C., is the current codification of the habeas corpus venue provision.

a scholarly analysis of the constitutional provisions and statutes in light of the historical development of the "Great Writ."

Section 29–32–03, N.D.C.C., places venue of proceedings under the Uniform Act in the court of conviction. Section 29–32–01(2) provides that the post-conviction remedy "comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them."

McGuire filed a petition for habeas corpus in the district court of the district where he was confined. That court declined to exercise jurisdiction and referred the petitioner to the court in the district of conviction. *McGuire, supra,* 229 N.W.2d at 216. McGuire then invoked the original jurisdiction of the Supreme Court, seeking a writ of habeas corpus.

We concluded that the venue provisions of the Uniform Act did not infringe McGuire's constitutional right to habeas corpus. Noting that *Carruth* had upheld a requirement that the petition be filed in the district of confinement, as opposed to *any* district in the State, we found that the requirement in the Uniform Act placing venue in the convicting court was constitutionally permissible. *McGuire, supra,* 229 N.W.2d at 215.

Our holding in *McGuire* was based in part upon § 29–32–02, N.D.C.C., which provides:

> "*29–32–02. Exercise of original jurisdiction in habeas corpus.*— The district court in which, by the constitution of this state, original jurisdiction in habeas corpus is vested, may entertain in accordance with its rules a proceeding under this chapter in the exercise of its original jurisdiction. In that event, this chapter, to the extent applicable, governs the proceeding."

We held that § 29–32–02 was permissive, giving the district court in the district of confinement (the court with original habeas corpus jurisdiction) *discretion* to decline jurisdiction and defer post-conviction pro-

ceedings to the court of conviction if appropriate. *McGuire, supra,* 229 N.W.2d at 216. On that basis, we concluded that the Uniform Act, "so far as it affects the venue of district courts," was not unconstitutionally restrictive. *Id.* While noting the permissive nature of § 29–32–02, we did indicate that "petitions for relief in the nature of habeas corpus should normally be directed to the court in the district of conviction, under the Uniform Post-Conviction Procedure Act." *McGuire, supra,* 229 N.W.2d at 216.

*McGuire* spawned a series of subsequent cases in which we reiterated this preference for proceedings in the court of conviction under the Uniform Act. Thus, in *Smith v. State,* 236 N.W.2d 632, 633 (N.D. 1975), and *Kittelson v. Havener,* 239 N.W.2d 803, 805 (N.D.1976), we stated that the Uniform Act, not habeas corpus, was the appropriate procedure to obtain review of a conviction other than by appeal. In *Bushaw v. Havener,* 247 N.W.2d 62, 63–64 (N.D.1976), we stated that a petitioner should "exhaust his remedies" under the Uniform Act before invoking the original jurisdiction of this Court to issue the writ. Finally, in *Smith v. Satran,* 295 N.W.2d 118, 120 (N.D.1980), we stated that "for persons arrested for or convicted of violating a criminal law, the post-conviction remedy has superseded habeas corpus as a remedy in most situations." We further admonished that we would "henceforth decline to hear applications for habeas corpus which properly belong under post-conviction remedies." *Id.*

■ The above-quoted language of *Smith v. Satran,* which represents the denouement of the broadening reading of *McGuire* evidenced in this line of cases, is the basis for the State's contention that the Uniform Act is the exclusive post-conviction remedy available to challenge the propriety of a conviction or sentence and that the appeal provisions of the Uniform Act have supplanted the constitutional right to invoke the original jurisdiction of this Court in habeas corpus. The State, however, has read *Smith v. Satran* and its

predecessors much too broadly. Those cases do not hold that the Uniform Act creates a new remedy and that habeas corpus is abolished. Such a construction of the statute would be blatantly violative of Article I, Section 14 of the Constitution. What this line of cases holds is that an applicant should employ the procedures of the Uniform Act in order to create a more complete record for review by this Court. The State's reading of these cases ignores *McGuire* (the basis for all of the later cases) and its reliance upon the permissive nature of § 29–32–02, N.D.C.C. Section 29–32–02 is a clear indication that the Uniform Act did not wholly abrogate habeas corpus.[4] The Uniform Act was never intended to create a new remedy to wholly replace habeas corpus and the other common law writs. Rather, the Uniform Act creates a procedure which implements the writ of habeas corpus and provides an opportunity for more extensive development of the issues and a more complete record for review.

Having concluded that the Uniform Act was intended to provide a procedural context within which the constitutional right to the writ may be raised, rather than a new substitute remedy, we next face the State's contention that the six-month appeal provision of § 29–32–02, N.D.C.C., is an equivalent substitute for the constitutional right to invoke the original habeas corpus jurisdiction of this Court.

We have often stated that when a statute is susceptible of two constructions, one which would render it of doubtful constitutionality and one which would not, the latter must be adopted. *E.g., Patch v. Sebelius*, 320 N.W.2d 511, 513 (N.D.1982). We are presented with two possible interpretations of the appeal provision of the Uniform Act: it may be construed as an exclusive substitute for the right to invoke the original jurisdiction of this Court, or it may be construed to provide a cumulative, alternate mode of review. Upon reviewing the constitutional provisions, relevant statutes, and prior cases, we conclude that a construction of the statute which would substitute a right to an appeal in place of the constitutional right to invoke this Court's original jurisdiction would be of doubtful constitutionality.

We stated in *McGuire* that if the provisions of the Uniform Act were less favorable to the applicant than the constitutional right to habeas corpus the Act would be, to that extent, unconstitutional. *McGuire, supra*, 229 N.W.2d at 215. We conclude that the appeal right provided in the Uniform Act is not in all instances as favorable to the applicant as the constitutional right to invoke the original habeas corpus jurisdiction of this Court.

There are vast distinctions between the appellate and original jurisdiction of this Court. An obvious example in this context is the standard of review. In an appeal from a judgment under the Uniform Act, we apply the "clearly erroneous" standard of Rule 52(a), N.D.R.Civ.P., in reviewing fact questions. *Varnson v. Satran*, 368 N.W.2d 533, 536 (N.D.1985);

---

**4.** Section 29–32–02 is our version of § 2 of the Uniform Act. The Commissioners' Comment to § 2 provides further evidence that constitutionally provided habeas corpus jurisdiction is not abolished by adoption of the Uniform Act:

"This section is applicable to those states which in their constitutions provide that certain courts shall have original jurisdiction in habeas corpus.... The object of this section is to provide a procedure under which a court vested with original jurisdiction in habeas corpus may entertain a proceeding under this Act as an exercise of its original jurisdiction, and still make the provisions of this Act, to the extent applicable, govern the proceedings."

Uniform Post-Conviction Procedure Act § 2, Commissioners' Comment, 11 U.L.A. 512.

Our newly adopted version of the Uniform Act contains a similar provision:

"*29–32.1–02. Exercise of original jurisdiction in habeas corpus.* A court in which original jurisdiction in habeas corpus is vested may entertain a habeas corpus proceeding under chapter 32–22 or this chapter. This chapter, to the extent appropriate, governs the proceeding."

This provision indicates, perhaps even more clearly than § 29–32–02, that the Supreme Court retains original jurisdiction to issue the writ of habeas corpus.

*Shulze v. Satran,* 368 N.W.2d 531, 532 (N.D.1985). Rule 52(a) is inapplicable in original habeas corpus proceedings, and we review the record de novo. *In Interest of Klein,* 325 N.W.2d 227, 230 (N.D.1982). Thus, our review of fact issues is more liberal under our original habeas corpus jurisdiction than it would be in an appeal under the Uniform Act.

▮ We conclude that a construction of the statute which would substitute appellate jurisdiction for the original habeas corpus jurisdiction of this Court would be of doubtful constitutionality. The right of the people to seek an original writ of habeas corpus in this Court remains, and we construe § 29–32–09 to provide a cumulative remedy available to those incarcerated in this State.

The result we reach today was foreshadowed in *Carruth, supra:*

"The suggestion cannot be indorsed by this court that the legislature intended by these regulative provisions to curtail the constitutional rights of the citizen to the writ—First, by forbidding him the right to obtain the writ from any of the district courts of the state except that in whose district he is confined; and, second, by denying him the right to apply to the supreme court for the writ in all cases where the district court has, after hearing the case, remanded him into custody. Any such construction would necessarily operate to render these otherwise valuable provisions of the statute directly subversive of the citizen's right to the writ, and hence to render the same unconstitutional and void. It goes without saying that all persons in durance vile in this state have a constitutional right to invoke the original jurisdiction of this court to issue and hear the writ of habeas corpus; nor can the legislature by any enactment wholly deprive this court of such original jurisdiction in any case. Section 87 of the state constitution especially confers the power upon this court to issue the writ of habeas corpus. *In doing so this court exercises original, and not appellate, jurisdiction."*

*Carruth, supra,* 8 N.D. at 173–174, 77 N.W. at 620–621 [Emphasis added.]

*Carruth* made it clear that any right of appeal granted by the Legislature would be a cumulative remedy:

"We hold that no appeal will lie from a final order made in a habeas corpus case, under existing statutes. Whether the legislature should provide for such appeal as a cumulative remedy is a question of legislative discretion, but we are clear that no legislation can wholly deprive this court of its right to issue the 'liberty writ' in the exercise of its original jurisdiction. The appeal is dismissed." *Carruth, supra,* 8 N.D. at 174–175, 77 N.W. at 621.

In *McGuire, supra,* we recognized the continued vitality of our original habeas corpus jurisdiction after the enactment of Chapter 29–32. Paragraph 1 of the Syllabus in *McGuire* states that "[t]he Legislature cannot by any enactment wholly deprive [the] Supreme Court of original jurisdiction to issue and hear the writ of habeas corpus." Although holding that the venue provision of the Uniform Act did not violate the Constitution, we noted that "[i]f it were construed to abolish or unduly restrict the original habéas corpus jurisdiction of this court it would be, to that extent, unconstitutional, since our jurisdiction derives from the Constitution, Sec. 87, and not from statute." *McGuire, supra,* 229 N.W.2d at 216 n. 3.

*McGuire* serves as a clear recognition by this Court of the continued validity of its original habeas corpus jurisdiction after the enactment of Chapter 29–32 because we *exercised* our original jurisdiction and decided the case on its merits. *McGuire, supra,* 229 N.W.2d at 216. If the appeal provision of Section 29–32–09 had completely superseded the authority of this Court to entertain a petition for the writ in original jurisdiction, as contended by the State in this case, we would have been wholly without jurisdiction because of the lack of an appropriate notice of appeal. We also exercised our original jurisdiction to reach the merits in other habeas corpus cases in

which we exhorted the parties to utilize the post-conviction procedures of Chapter 29–32. *See Smith v. Satran, supra; Kittelson v. Havener, supra.*

Our admonishment in *Smith v. Satran* that we would henceforth decline to hear original applications for habeas corpus which properly belonged under Chapter 29–32 was an indication only that we would not continue our practice of addressing the merits when no appropriate proceedings had been held in the district court. *See, e.g., Smith v. Satran, supra; Kittelson v. Havener, supra; McGuire, supra.* Furthermore, our admonishment was prefaced by the phrase "[w]ithout expressly stated circumstances warranting an exception...." If the court will, under appropriate circumstances, hear such applications, there must be jurisdiction to do so. Thus, *McGuire* and its progeny do not support the State's assertion that the original habeas corpus jurisdiction of this Court has been abolished and replaced by the appeal provisions of the Uniform Act.

We conclude that a construction of the statute which would preclude exercise of original jurisdiction in favor of appellate jurisdiction only would violate the constitutional right of the people of this State to invoke the original jurisdiction of this Court to seek the writ. Because that construction which does not render the statute of doubtful constitutionality is preferred, *Patch v. Sebelius, supra,* we hold that the appeal provisions of Chapter 29–32 are a cumulative, and not a superseding, remedy, and that the right of the people to invoke the original jurisdiction of this Court in habeas corpus is still viable. Thus, an unsuccessful applicant for post-conviction relief may seek appellate review pursuant to § 29–32–09, or may petition this Court for an original writ of habeas corpus.

■ Having concluded that we retain jurisdiction to hear and decide Jensen's petition, we turn to the merits. Jensen has raised numerous issues challenging the various proceedings leading to his convictions. We have previously warned about the dangers inherent in raising a myriad of issues on appeal. It is the quality of and reasons in support of allegations of error, rather than their quantity, which control in determining if a conviction should be reversed. *State v. Bergeron,* 340 N.W.2d 51, 60 (N.D.1983). Nevertheless, we have reviewed each issue raised by Jensen and conclude that they are totally devoid of merit and do not warrant discussion.

■ The same holds true for the discovery motions and the motion for proof of attorney's authority. The discovery motions are classic examples of the proverbial "fishing expedition." Neither in his brief nor in oral argument has Jensen articulated any reasonable expectation that the requested discovery, if allowed, would produce relevant admissible evidence affecting the validity of his conviction. The discovery motions are denied.

■ Jensen has also moved, pursuant to Section 27–13–04, N.D.C.C., that proof of attorney's authority be filed for the Assistant Attorneys General who have appeared in this case. This motion apparently relates to his contention that a formal request by the state's attorney or judge to have the Attorney General's office assist in the case is required. We rejected this contention in Jensen's prior post-conviction appeal, *State v. Jensen,* 333 N.W.2d 686, 692 (N.D.1983), holding that the provision in Section 54–12–01(5), N.D.C.C., that the attorney general shall assist in any prosecution "when in his judgment the interests of the state require it," applied to post-conviction proceedings under Chapter 29–32 as well as to the actual trial. We conclude that this provision logically applies as well to habeas corpus proceedings challenging the validity of a conviction. The motion for proof of attorney's authority is therefore denied.

We conclude that Jensen has failed to establish any error which would invalidate his convictions. The writ is quashed.

ERICKSTAD, C.J., MESCHKE and GIERKE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of VANDEWALLE, Justice, disqualified.

PEDERSON, Surrogate Justice, concurring specially.

I agree with all that Justice Levine writes about the relationship between the post conviction remedy provided by Chapter 29–32, NDCC and the jurisdiction of this court in habeas corpus. I also agree that the writ should be quashed. My only concern is that this court not leave the impression that petitioners have a choice of bypassing post conviction proceedings in any situation in order to try their claims on the merits in this court. A future application for the exercise of original jurisdiction that has such little to support it should be disposed of summarily.