STATE of North Dakota, Plaintiff and Appellee,

v.

Herbert O. JENSEN, Defendant and Appellant.

Cr. No. 1136.

Supreme Court of North Dakota.

April 10, 1986.

Vincent A. LaQua, State's Atty., Fessenden, and Edwin F. Zuern, Asst. Atty. Gen., Office of Director of Institutions, Bismarck, for plaintiff and appellee; argued by Edwin F. Zuern; appearance by Vincent A. LaQua.

Herbert O. Jensen, pro se.

MESCHKE, Justice.

Herbert O. Jensen, an inmate at the North Dakota State Penitentiary, appeals from a district court order dismissing his application for post-conviction relief filed pursuant to Chapter 29–32, N.D.C.C. We affirm.

At a meeting in September 1985, the Parole Board considered parole for Jensen. Jensen did not request that he be considered for parole at that meeting. Because he had pending before this court a petition for a writ of habeas corpus [*see Jensen v. State*, 373 N.W.2d 894 (N.D. 1985)], Jensen chose not to appear before the Parole Board. The Parole Board denied parole, stating in its order:

"Parole was denied due to inmate refusing to see the Parole Board. Deferred to the September 1987 Parole Board."

By application dated September 13, 1985, Jensen sought relief pursuant to Chapter 29–32, N.D.C.C.[1] The district court dismissed the application on the ground that, although his application contained numerous grievances against the Parole Board, Jensen did not claim to be entitled to relief under any of the provisions of § 29–32–01(a)–(f), N.D.C.C. The court also dismissed Jensen's discovery requests, motion for certification of questions of law, and motion for proof of attorney's authority.

Jensen has raised issues relating to: (1) the trial court's denial of discovery; (2) the trial court's denial of Jensen's motion for proof of attorney's authority; (3) the trial court's denial of Jensen's motion for certification of questions of law relating to the applicability of Chapter 29–32.1, N.D.C.C.; and (4) the jurisdiction of the Parole Board to consider parole of an inmate who has a case pending in court or to consider parole of an inmate who has not applied for parole.

For the reasons stated in *Jensen v. State, supra,* 373 N.W.2d at 901, the issues raised with regard to the denial of Jensen's requests for discovery and proof of attorney's authority are "totally devoid of merit and do not warrant discussion."

The issue with regard to certification of questions of law is also without merit. The certification of questions of law is discretionary with the trial court. *See* Section 32–24–02, N.D.C.C.; Rule 47.1, N.D.R.App.P., and the explanatory note thereto. The trial court did not abuse its discretion.

Jensen has asserted that the Parole Board has no jurisdiction to consider parole of an inmate who has a case pending in court. Because he has not provided us with any citations to authority or any supportive reasoning for this contention, we deem the argument to be without merit. *See Matter of Annexation of Part of Donnybrook Pub. Sch. Dist. No. 24,* 365 N.W.2d 514, 524 (N.D.1985).

Jensen relies upon § 12–59–05, N.D.C.C., for the proposition that the Parole Board can only consider for parole inmates who have applied for parole pursuant to § 12–59–08, N.D.C.C. We find nothing in the language employed in § 12–59–05, N.D.C.C., that precludes the Parole Board from considering for parole an inmate who has not applied for parole.

At oral argument, Jensen asserted that, because he was denied parole, he has been deprived of the opportunity to be considered for parole for a period of two years. Because this matter was first raised at oral argument and there is nothing in the record from which we can determine the reason for the two-year deferral, we will not consider it. *See Patton v. North Dakota Parole Board,* 783 F.2d 140 (8th Cir.1986).

The order dismissing Jensen's application is affirmed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.

---

[1] No issue has been raised with regard to the repeal of Chapter 29–32, N.D.C.C. (N.D.S.L.1985, Ch. 366, § 16), or with regard to the effect of N.D.S.L.1985, Ch. 366, § 15, which provides that the Uniform Postconviction Procedure Act (1980) [codified at Chapter 29–32.1, N.D.C.C.], "governs all convictions occurring after June 30, 1985." We therefore need not consider those matters. Nor need we consider whether use of the word "convictions," rather than a word such as "proceedings," may have resulted from oversight.